UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **SANDRA MICHELLE TURNER,** <br> **Plaintiff,** <br> v. <br> **NANCY A. BERRYHILL,** <br> **ACTING COMMISSIONER OF SSA,** <br> **Defendant.** | **CIVIL ACTION NO. 6:18-133-KKC** <br><br> **OPINION AND ORDER** |

*** *** *** ***

The plaintiff Sandra Michelle Turner brought this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

The Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether the decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.,* 582 F.3d 647, 651 (6th Cir. 2009).

In denying Turner's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act ("The Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Turner has not engaged in substantial gainful activity since August 31, 2010, the alleged onset date. (Administrative Record ("AR") at 13.)

At step two, the ALJ determined that Turner has the severe impairments of anxiety and depression. (AR at 13.)

At step three, the ALJ found that Turner does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR at 14.)

Before proceeding to step four, the ALJ determined that Turner has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but limited to simple or detailed instructions and tasks with no public interaction. (AR at 16.)

At step four, the ALJ determined that Turner is unable to perform any past relevant work. (AR at 18.)

At step five, the ALJ determined that, considering Turner's age, education, work experience, and the RFC described above, there are jobs that exist in significant numbers in the national economy that Turner can perform and, thus, Turner is not disabled. (AR at 19.)

Turner claims that the ALJ erred in two ways. First, she argues the ALJ's determination that she is not disabled is not supported by substantial evidence. Second, she argues the ALJ failed to properly evaluate her subjective complaints of pain. (DE 13-1 at 2.)

As to the first objection, a general objection that the ALJ's opinion is not supported by substantial evidence is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Wyatt v. Barnhart*, 190 F. App'x 730, 732 (10th Cir. 2006) (quotations and citation omitted). In arguing that the ALJ's opinion is not supported by substantial evidence, however, Turner makes the specific argument that the ALJ failed to consider that she was diagnosed with bipolar disorder II.

The ALJ did recognize, however, that Turner had been diagnosed with bipolar disorder II. (AR at 14.) Nevertheless, Turner does not point to any medical evidence that bipolar disorder II would restrict her ability to work anymore than the ALJ determined. Turner does not explain why the ALJ would have determined a different RFC had this additional impairment been taken into consideration. *Cf. McKenzie v. Comm'r, Soc. Sec.,* 2000

WL 687680, at *5 (6th Cir. 2000) ("the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual.").

Turner also argues that the ALJ's RFC did not reflect the restrictions placed upon her by her treating psychiatrist (Dr. Syed Raza) and the consultative examiner (Dr. William Rigsby). These restrictions relate to Turner's ability to interact with supervisors, co-workers, and the public; deal with stress; maintain concentration; and follow instructions. As discussed, the RFC does account for limitations in Turner's ability to interact with others and to follow instructions. It limits her to a job that requires following only simple or detailed instructions and tasks with no public interaction.

Further, the ALJ explained why he discounted the opinions of Drs. Raza and Rigsby. The ALJ noted that treating psychiatrist Dr. Raza opined that Turner has poor attention and concentration, poor memory, and poor organizations skills. Nevertheless, the ALJ discounted that opinion finding that Dr. Raza was merely "parroting what the claimant told him the day he filled out the assessment form." (AR at 18.) The ALJ noted that this assessment was inconsistent with the ALJ's own observations of Turner and those of the Turner's therapist and Dr. Rigsby. The ALJ further noted that Dr. Raza's conclusions regarding Turner's concentration, memory, and organization were not supported by Dr. Raza's own records or by the rest of the medical record in this case. Turner cites no evidence in the record that would support Dr. Raza's conclusions.

The ALJ also explained why he discounted consultative examiner Dr. Rigby's finding that Turner had moderate limitations in interacting with supervisors and friends, noting that even Dr. Rigby described Turner's social interactions with him as unremarkable and consistent with her age and background. (AR at 18.) As to Dr. Rigby's opinion that Turner had moderate impairments in adapting to work activity, the ALJ noted that this was contrary

3

to the finding of the state agency opinion, which was based on "a large body of medical evidence describing [Turner] as friendly, cooperative, alert, attentive with normal insight and judgment," while consultative examiner Dr. Rigby's opinion was based on a "one-time subjective evaluation." Finally, the ALJ noted that Dr. Rigby's report itself did not support that Turner was limited in the ability to adapt to day-to-day work activity. Dr. Rigby's report noted that Turner lived with a boyfriend, managed her own financial affairs, shopped, did homework, read magazines, and talked with family and visited friends. (AR at 18.) Turner cites no medical evidence in the record that would support Dr. Rigsby's conclusions.

As to Turner's argument that the ALJ failed to properly evaluate her subjective complaints of pain, when evaluating a disability claim for social security purposes, the claimant's pain should be considered. *Kirk v. Sec. of Health and Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981). Here, however, the record contains no evidence nor even any assertion by Turner that she suffers from any pain that would be considered disabling.

Further, even assuming that Turner did allege disabling pain, a claimant's subjective complaints of pain, and the credibility of such complaints, must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "An ALJ is not required to accept a claimant's subjective complaints and may… consider the creditability of a complaint when making a determination of disability." *Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 542 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir.2003).

During the hearings with the ALJ, the only pain Turner mentioned was a pain in the right knee. Turner's medical records show that she had several Emergency Room visits due to a contusion to her right knee. *See* Exhibits 14F, 16F, 21F, and 22F. Although reports of pain had been noted in previous doctor visits, at a follow up appointment at Harlan ARH, Turner's pain level was noted as zero. *See* Exhibits 21F, 22F, and 30F.

The "ALJ may also consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments." *Cruse*, 502 F.2d at 542. Turner states that she cleans the house on a daily basis (dusting, mopping, sweeping, vacuuming, doing laundry), cares for and plays with her dog and ferret, mows her grass, and tends to her garden a few hours a day on warmer days. (AR at 412, 413 and 418.) She testified that she shops for groceries, goes to the doctor's office, goes to the post office, speaks with friends, and works in her yard where she may speak with neighbors. (AR at 411, 416, 140 and 565.)

When considering all medical evidence and Turner's personal testimony regarding her activities, the ALJ did not err in failing to find that her pain levels are disabling and did not fail to properly evaluate her subjective complaints of pain.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 13-1) is **DENIED;**
2. The defendant's motion for summary judgment (DE 15) is **GRANTED**;
3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and
4. A judgment will be entered contemporaneously with this order.

DATED: August 26, 2019.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY